# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-793V
Filed: September 6, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KRISTIN NIKOLAJUK, by her next | * | |
| friend, MICHAEL NIKOLAJUK, | * | Damages decision based on stipulation; |
| | * | meningococcal vaccine; diphtheria-tetanus- |
| Petitioners, | * | acellular pertussis vaccine; transverse |
| | * | myelitis. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Scott W. Rooney, Farmington Hills, MI, for petitioners.
Gordon E. Shemin, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On September 6, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioners allege that Kristin suffered transverse myelitis ("TM") that was caused by her August 22, 2011 receipt of meningococcal and diphtheria-tetanus-acellular pertussis vaccines. Petitioners further allege that Kristin suffered the residual effects of her injury for more than six months. Respondent denies that the vaccines

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

caused Kristin's TM or any other injury. Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards a lump sum of **$150,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$150,000.00** made payable to Michael Nikolajuk as the guardian/conservator of Kristin's estate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>September 6, 2013</u>                                        <u>s/ Laura D. Millman</u>
                                                                               Laura D. Millman
                                                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

KRISTIN NIKOLAJUK, by her next    )
Friend MICHAEL NIKOLAJUK    )
          )
          )
       Petitioner,         )    No. 12-793V
          )    Special Master Millman
    v.               )    ECF
          )
SECRETARY OF HEALTH AND     )
HUMAN SERVICES         )
          )
       Respondent.     )
          )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his daughter Kristin Nikolajuk ("Kristin"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Kristin's receipt of the meningococcal and diphtheria-tetanus-acellular-pertussis vaccines (collectively, "the vaccines"), which are vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Kristin received the vaccines on or about August 22, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccines caused Kristin transverse myelitis ("TM"), and that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Kristin as a result of her condition.

6. Respondent denies that the vaccines are the cause of Kristin's TM and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $150,000.00 in the form of a check payable to petitioner as the guardian/conservator of Kristin's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Kristin as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that he is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Kristin's estate under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as the guardian/conservator of Kristin's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Kristin Nikolajuk at the time a payment pursuant to this Stipulation is made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Kristin Nikolajuk upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and as legal representative of Kristin, on behalf of himself, Kristin, and her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury

3

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Kristin resulting from, or alleged to have resulted from, the vaccines administered on or about August 22, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about November 19, 2012, in the United States Court of Federal Claims as petition No. 12-793V.

15. If Kristin should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused Kristin's TM or any other injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's

4

heirs, executors, administrators, successors, and/or assigns as legal representatives of Kristin.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*Michael Nikolajuk*
MICHAEL NIKOLAJUK

ATTORNEY OF RECORD FOR
PETITIONER:

SCOTT W. ROONEY
Nemes Rooney, P.C.
26050 Orchard Lake Rd.
Suite 300
Farmington Hills, MI 48334
(248) 442-3300

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Director,
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: September 6, 2013

ATTORNEY OF RECORD FOR
RESPONDENT:

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

6